UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LLOYD PLUMMER, ET AL. | CIVIL ACTION |
| VERSUS | NO. 07-2778 |
| TECHNICAL EMPLOYMENT SERVICES, INC., ET AL | SECTION "C" |

### ORDER AND REASONS[1]

Before the Court is a Motion to Remand under 28 U.S.C. § 1447(c) filed by the plaintiffs, Lloyd Plummer ("Mr. Plummer") and Winnifred Plummer ("Mrs. Plummer") (collectively, "Plaintiffs") (Rec. Doc. 4). Defendants, Kinder Morgan Liquid Terminals, LLC ("Kinder Morgan") and Delta Terminal Services, LLC ("Delta") and Hop Nguyen ("Nguyen"), oppose the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record, and applicable law, the Court finds that the Plaintiffs' Motion to Remand is **GRANTED**.

---

[1] Annise K. Maguire, a second year student at Tulane Law School, assisted in the research and preparation of this decision.

**I. BACKGROUND**

Plaintiffs, Louisiana domicilaries, filed this suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. At the time of the alleged incident, Mr. Plummer was employed by the defendant Technical Employment Services, Inc. ("TESI"), a Louisiana corporation. Pursuant to a General Service Agreement between TESI and Kinder Morgan, TESI assigned its employees, including Mr. Plummer, to work at Delta/Kinder Morgan's liquid terminal facility.[2] Delta/Kinder Morgan are both incorporated in the State of Delaware and maintain their principal places of business in Texas.[3] Defendants Nguyen and Derek Borne ("Borne"), residents and citizens of Louisiana, were employed by Delta/Kinder Morgan as foremen and supervisors of Mr. Plummer.

Plaintiffs claim that, while Mr. Plummer worked at Delta/Kinder Morgan's liquid terminal facility under Nguyen's and Borne's direction, he was exposed to Tuluene Diisocyanate ("TDI") and/or other hazardous and toxic chemicals, which resulted in respiratory and pulmonary injuries. Specifically, Plaintiffs allege that Mr. Plummer suffered injuries to his eyes,

---

[2] Filings on behalf of both Plaintiffs and defendants refer to "Kinder Morgan and/or Delta" and "Delta/Kinder Morgan" without any explanation as to why the defendants are referenced in this manner. The Master Service Agreement filed by the defendants states, "Delta Terminal Services, LLC, *d/b/a* Kinder Morgan Terminals." Rec. Doc. 8-2 (emphasis added). The Court will refer to these entities as Delta/Kinder Morgan.

[3] In their petition, Plaintiffs' state that Delta/Kinder Morgan are both incorporated in Delaware with their principal places of business in Louisiana. Plaintiffs' Petition at 4-5. However, in the Notice for Removal the defendants maintain that Delta/Kinder Morgan are incorporated in Delaware with their principal places of business in Texas. Rec. Doc. 1.

skin, face, neck, lungs, kidney, liver, central nervous system, and psychological well being. Plaintiffs claim that Mr. Plummer's injuries stem from his filling 100 drums with TDI and/or other hazardous and toxic chemicals and his being required to subsequently remain in the area. Also, Plaintiffs allege that the defendants failed to ensure that the vapor and ventilation systems were functioning properly and did not provide Mr. Plummer with adequate safety training or the necessary safety equipment. Plaintiffs allege that the defendants breached their duties of care. They assert that the defendants are strictly and/or absolutely liable for gross negligence and/or intentional tort claims. Additionally, Plaintiffs allege that Mrs. Plummer has suffered individual damages, including, but not limited to, loss of consortium.

Defendants removed the case to this Court, arguing that TESI, Nguyen and Borne, the Louisiana defendants, were improperly joined in an attempt to prevent removal. In their Notice of Removal the defendants state that this Court has jurisdiction to hear this matter under 28 U.S.C. § 1332 because the properly joined defendants, Delta/Kinder Morgan, are of diverse citizenship from Plaintiffs and that the amount in controversy exceeds $75,000, exclusive of costs and interest.[4] The defendants contend that the Louisiana Workers' Compensation Act ("LWCA") provides an exclusive remedy for all claims brought by an employee against an

---

[4] All parties concede that Plaintiffs have sufficiently pleaded claims in excess of the minimum jurisdictional amount of $75,000. Plaintiffs allege general damages and special medical damages, including severe respiratory and pulmonary problems, in addition to claims for Mr. Plummer's lost income. Rec. Doc. 6. Defendants submit, and Plaintiffs' agree, that the totality of Plaintiffs' claims, based on the extent of the alleged injuries and damages sought, exceeds $75,000. Rec. Doc. 7.

3

employer and co-employees.  Accordingly, the defendants assert that TESI was improperly joined because the LWCA limits Plaintiffs' recovery to worker's compensation for all work-related injuries sustained during the normal course and scope of employment.  Further, the defendants assert that Nguyen and Borne were improperly joined because they qualify as co-employees of Mr. Plummer.[5]  Defendants state that, as co-employees, Plaintiffs are precluded from maintaining an action outside of the LWCA unless they sufficiently plead a claim for an intentional tort.  Finally, the defendants assert that Plaintiffs failed to state a factual basis for the alleged intentional actions committed by the Louisiana defendants, and thus forfeited their right to the intentional tort exception to the LWCA.  Plaintiffs now move to remand this suit, claiming that all defendants were properly joined.

## II.  STANDARD OF REVIEW

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction.  *See* 28 U.S.C. § 1441 (2006).  The district courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000,

---

[5] The defendants argue that the General Service Agreement ("Agreement") entered into by Kinder Morgan and TESI established Delta/Kinder Morgan as the statutory employer of all TESI employees.  Rec. Doc. 14-4.  Thus, all direct employees of Delta/Kinder Morgan and all statutory employees, including Mr. Plummer, qualify as co-employees.  Alternatively, the defendants argue that even if Delta/Kinder Morgan is not found to be a statutory employer, the Agreement and work conditions provide evidence that the employees of TESI are borrowed employees of Delta/Kinder Morgan.  As a borrowed employee Mr. Plummer qualifies as a co-employee of Nguyen and Borne.

exclusive of interests and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332 (2006). For diversity jurisdiction to attach, there must be complete diversity, i.e. the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *Strawbridge v. Curtiss,* 7 U.S. 267, 3 Cranch 267, 2 L.Ed 435 (1806).

In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995), *cert. denied,* 516 U.S. 865 (1995). The standard for determining when a defendant has been fraudulently joined is well established in the Fifth Circuit. To demonstrate fraudulent joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.,* 252 F.3d 220, 222-23 (5th Cir. 2003); *See also B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981). Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Smallwood,* 352 F.3d at 223 (*citing Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 816 (5th Cir. 1993)). Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. *Rich III v. Bud's Boat Rentals, Inc.,* 1997 WL 785668, at *2 (E.D. La. 2003) (*citing Burden v. General Dynamics Corp.,* 60 F.3d 213, 216 (5th Cir. 1995)) (emphasis added).

A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not

5

intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline,* 206 F.Supp.2d 815, 817 (E.D. La. 2002) (*citing Erdey v. American Honda Co., Inc.,* 96 F.R.D. 593, 595 (M.D. La. 1983)). The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants. *Englande,* 206 F. Supp. 2d at 819 (*citing B., Inc.,* 663 F.2d at 545). This, "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant . . . ." *Smallwood v. Illinois Central Railroad Co.,* 385 F.3d 568, 572 (5th Cir. 2004) (en banc); *see also Melder v. Lexington Corp.,* 404 F.3d 328, 330 (5th Cir. 2005) ("[A]t issue is whether Defendants have established there is no reasonable basis Plaintiff might be able to recover under Louisiana state law against the non-diverse defendant . . . ."). A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder. *Id.,* 385 F.3d at 572.

The Court's determination can be made in two ways: (1) by undertaking a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim against the in-state defendant or (2) whether a claim has been stated by misstated or omitted, discrete facts determinative of the propriety of joinder. *Id.* A minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* "[T]he inability of the court to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

### III. ANALYSIS

The primary issue in this dispute is whether the Louisiana defendants were improperly joined in order to defeat diversity jurisdiction. The defendants argue that this Court has jurisdiction under 28 U.S.C. § 1332 because the properly joined defendants, Delta/Kinder Morgan, are of diverse citizenship and the amount in controversy exceeds $75,000. The defendants assert that Plaintiffs are limited by the LWCA to recovering only worker's compensation benefits for claims made against the Louisiana defendants, as these defendants are protected by their employer and co-employee status. Additionally, the defendants contend that Plaintiffs failed to state specific facts in support of alleged intentional actions committed by the Louisiana defendants, and thus have forfeited their right to the intentional tort exception to the LWCA.

Plaintiffs, on the other hand, argue that the LWCA does not preclude their claims against Nguyen and Borne because Mr. Plummer was not a statutory or borrowed employee of Delta/Kinder Morgan and was therefore not a co-employee of Nguyen or Borne. Further, Plaintiffs argue that they pleaded specific facts that are sufficient to support their allegations of intentional acts committed by the Louisiana defendants. Accordingly, Plaintiffs assert that they are able to maintain separate actions against these defendants, and therefore all defendants were properly joined, destroying complete diversity.

Under the LWCA, a plaintiff's recovery against an employer or co-employee for work-related injuries sustained during the normal course and scope of employment is limited to worker's compensation benefits. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (*citing Cole v. State Department of Public Safety & Corrections*, 825 So. 2d 1134 (La. 2002)); *See* LA. REV. STAT. § 23:1032. The LWCA's recovery limitations also apply to employees who are borrowed employees. Borrowed employee status is a question of law. *See Melancon v. Amoco Prod. Co.*, 834 F.2d 1238, 1244 (5th Cir. 1988), *amended on other grounds*, 841 F.2d 572 (5th Cir.1988). When determining whether an employee is a borrowed employee, the Court considers: (1) What employer has control over both the employee and the work being performed?; (2) Whose work is the employee undertaking?; (3) Did the original and borrowing employer sign or produce an agreement or understanding as to the terms of the employment?; (4) Did the employee give his or her consent to the work relationship with a borrowing employer?; (5) Did the original employer maintain its working relationship with the employee?; (6) Which employer provided the materials and work site?; (7) What was the duration of the new employment?; (8) Which employer had the authority to discharge the employee?; and, (9) Which employer paid the employee's salary? *Melancon*, 834 F.2d at 1244 (*citing Ruiz v. Shell Oil Co.*, 413 F.2d 310, 312-13 (5th Cir. 1969)). No single factor, or any combination thereof, is determinative of borrowed employee status. *Brown v. Union Oil Co. of Cal.*, 984 F.2d 674, 676 (5th Cir. 1993).

Intentional torts provide a specific exception to the LWCA's exclusive remedy rule.  *See* LA. REV. STAT. § 23:1032(B).  When an employee is injured due to an employer's or co-employee's intentional act committed during the course and scope of employment, an employee can seek tort recovery against his or her employer or co-employee.  *Larroquette*, 466 F.3d at 376.  "Under this exception, 'intent' means that the employer [or co-employee] either (1) consciously desired the physical result of its act; or (2) knew, to a substantial certainty, that the result would follow from its conduct."  *Id*. at 374.

The defendants argue that Plaintiffs can not sustain a cause of action against the non-diverse defendants because their exclusive remedies lie under the LWCA.  *See* LA. REV. STAT. § 23:1032.  Initially, the defendants claimed that Nguyen and Borne were co-employees of Mr. Plummer due to the status of Delta/Kinder Morgan as the statutory employers for all TESI employees.  Rec. Doc. 8.  Defendants then filed with this Court a Supplemental Memorandum in Opposition to Motion to Remand arguing that Nguyen and Borne were co-employees of Mr. Plummer and immune from liability because Mr. Plummer qualified as a borrowed employee of Delta/Kinder Morgan.  Rec. Doc. 14.  Defendants assert that Plaintiffs' claims against Nguyen and Borne are based on: (1) Mr. Plummer's having been under their control while working at the liquid terminal facility; (2) Plaintiffs' admission that Mr. Plummer was working for Delta/Kinder Morgan at the time of the alleged incident; and, (3) the work agreement between TESI and Kinder Morgan that established that all employees of TESI working with Delta/Kinder Morgan

9

were borrowed employees.  Rec. Doc. 14-3.

Plaintiffs state that Nguyen and Borne were Mr. Plummer's foremen and supervisors and "[t]hat at all times herein, plaintiff, Lloyd Plummer, *was acting in the course and scope of his employment with TESI* and assigned to Kinder Morgan and/or Delta's liquid terminal facility in Harvey, Louisiana."  Rec. Doc. 7-2 (emphasis added).  Plaintiffs' Petition does not state that Mr. Plummer was working for Delta/Kinder Morgan at the time of the alleged incident, but rather, that he was *assigned by* his employer, TESI, to work *at* Delta/Kinder Morgan's facility.  Therefore, Plaintiffs do not admit that Mr. Plummer was working for Delta/Kinder Morgan.  Instead, Plaintiffs' Petition states that he was acting in the course and scope of his employment with TESI.[6]  The defendants' cannot rely only on the work agreement between TESI and Kinder Morgan as the basis for proving a lender/borrower relationship because: (1) there is a question of fact as to what type of a relationship was actually established by the work agreement; and, (2) even if the Court interprets the work agreement in favor of the defendants, no single factor is determinative of a borrowed employee relationship.  As the defendants failed to prove the existence of multiple *Ruiz* factors, there is insufficient evidence to establish a borrowed employee relationship between Delta/Kinder Morgan and Mr. Plummer.

---

[6] In addition to Plaintiffs' Petition, the Court finds no statement in any of Plaintiffs' filings that Mr. Plummer admitted to working for Delta/Kinder Morgan.  Plaintiffs' maintain in all filings that Mr. Plummer was employed by TESI and assigned to work at Delta/Kinder Morgan's facility.

Defendants also claim that the Plaintiffs cannot recover against the Louisiana defendants because Plaintiffs failed to state a specific claim for any intentional acts allegedly committed by those defendants.[7]  *See* LA. REV. STAT. § 23:1032(B).  Defendants argue that Plaintiffs relied on general allegations about what Nguyen and Borne should have known, rather than stating a specific claim, and thus failed to plead an intentional tort.  *Id.*  Defendants also argue that Plaintiffs failed to allege a valid intentional tort against TESI sufficient to provide an exception to the exclusive remedies under the LWCA.

In their state court petition, Plaintiffs allege that Nguyen and Borne committed an intentional tort when they placed Mr. Plummer in a position that they knew was substantially certain to cause him injury.  Plaintiffs also allege that TESI and Delta/Kinder Morgan are vicariously liable for those actions under the theory of respondeat superior.  Specifically, Plaintiffs allege that the defendants were substantially certain that Mr. Plummer's exposure and injuries would occur: (1) by requiring Mr. Plummer to fill 100 drums with TDI and/or other hazardous and toxic chemicals and subsequently remain in the area, increasing his exposure to such chemicals; (2) by failing to warn him of the nature of TDI and/or other hazardous and toxic chemicals; (3) by failing to ensure that the vapor and ventilation systems were functioning properly; and, (4) by allowing Mr. Plummer to work around TDI and/or other hazardous and

---

[7] For the purposes of this analysis only, the Court assumes that the defendants have stated a statutory employer or co-employee relationship between Mr. Plummer and the Louisiana defendants.

toxic chemicals without proper safety training or safety equipment. Plaintiffs' Petition at 10-17. These factors are sufficient to plead an intentional tort. *See Trupiano v. Swift & Co.*, 755 F.2d 442, 443-45 (5th Cir. 1985) (holding that plaintiff pleaded an intentional tort not precluded by the LWCA by alleging that plaintiff's decedent was exposed to toxic materials and irritants during the normal course and scope of his employment, that such exposure caused him to develop serious medical conditions, and that decedent's employer knew of the danger and was substantially certain that such exposure would cause injuries, yet failed to warn decedent of the conditions or protect him from such dangers). Thus, Plaintiffs are not limited in their recovery to claims for worker's compensation and may seek recovery for tort damages against the individual defendants. *See* LA. REV. STAT. § 23:1032(B).

Finally, the defendants argue that Plaintiffs' admission that they filed a claim for worker's compensation against TESI for injuries suffered in the course and scope of Mr. Plummer's employment is evidence that TESI was improperly joined. While an intentional tort is an exception to the exclusive remedy provisions of the LWCA, the defendants assert that TESI's denial of Mr. Plummer's worker's compensation claim does not provide Plaintiffs with a basis for alleging an intentional tort by TESI, and therefore Plaintiffs' have no legal basis for seeking recovery from TESI outside of the remedies afforded by the LWCA. *See* LA. REV. STAT. § 23:1032. In support of their argument, the defendants argue that in *Bazley v. Tortorich* the Louisiana Supreme Court held that the denial of a worker's compensation claim did not

provide the plaintiff with a basis for pleading an intentional tort. 397 So. 2d 475, 478, 482 (La. 1981); Rec. Doc. 14-3 n.21. However, in *Bazley*, the Louisiana Supreme Court was concerned with the issue of whether an employee could seek recovery in tort for a work-related injury caused by the negligence of a co-employee. *Id*. at 479. The *Bazley* Court actually held that the exclusive remedy provisions of the LWCA prevent an injured employee from bringing a tort action for work-related injuries caused by negligence, but that the exclusivity provisions are inapplicable to intentional torts committed by an employer or co-employee. *Id*. at 478, 482.

Also, contrary to the defendants' argument, Plaintiffs do not assert that the denial of their worker's compensation claim is the intentional act on which they base their claim. Plaintiffs state that they initially proceeded by filing a claim for worker's compensation pursuant to the LWCA. When their claims were denied by TESI, Plaintiffs then raised the denied claims in tort, pursuant to Louisiana jurisprudence. *See O'Regan v. Preferred Enters., Inc.,* 758 So. 2d 124, 138-39 (La. 2000). The Court in *O'Regan* held:

> Whether or not a subsequent action may be brought, therefore, depends on the grounds of the denial. If, for example, the employee pursues a compensation claim but that claim is denied on the grounds that the injury is not compensable under the Act, then the claimant may maintain an action in tort. . . .  In determining whether a subsequent remedy is barred, courts should consider whether the claimant was successful in his former compensation or damage remedy. This is because to do such will effectuate the purpose of workers' compensation: to provide employees a security system. The Act was not intended to give the employer a windfall and relieve him of all responsibility toward injured employees.

758 So.2d at 139. Thus, Louisiana law allows an employee who is refused recovery under

13

worker's compensation to then file an action for recovery based on tort law.

The Court finds that Plaintiffs sufficiently pleaded claims for intentional torts committed by the Louisiana defendants. Thus, the Court is unable to say that it would be impossible for Plaintiffs to recover against the individual defendants as a matter of state law, and therefore that they were fraudulently joined in this litigation.

## IV.  CONCLUSION

For the reasons stated above,

IT IS ORDERED that the Plaintiffs' Motion to Remand is **GRANTED**.

New Orleans, Louisiana this 18th day of July, 2007.

```
                              _____
                              HELEN G. BERRIGAN
                              UNITED STATES DISTRICT JUDGE
```